

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00376-CV

IN THE INTEREST OF E.P.T., L.H.T., T.G.T., I.A.T.,
O.J.T., AND W.M.T., CHILDREN

On Appeal from the 126th District Court
Travis County, Texas
Trial Court No. D-1-FM-15-000462, Honorable Jan Soifer, Presiding

June 29, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, father of the six children subject of the above referenced cause, appeals the trial court's "Final Order" modifying an agreed divorce decree allowing for a change in conservatorship rights for one child and a reduction in child support. So too did it award Mother $6,597.09 in attorney's fees. It is the award of attorney's fees that prompted Father to file this appeal. In a single issue, he asserts that the trial court erred by granting

Mother attorney's fees because it failed to give a reason other than "good cause" for the award.[1]  We affirm. [2]

Father's objection to the attorney's fee award to Mother was not made until he filed his appellate brief.  This is fatal to his complaint.  Father was required to broach the issue with the trial court first and after rendition of the order about which complaint is made. *See Barndt v. Barndt*, No. 03-17-00796-CV, 2019 Tex. App. LEXIS 3180, at *13 (Tex. App.—Austin Apr. 19, 2019, no pet.) (mem. op.) (requiring preservation of the issue in the trial court); *Henry v. Henry*, 48 S.W.3d 468, 481 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (requiring same).  Because Father's complaint was not brought to the trial court's attention after rendition of the order, it was not preserved.  *See Barndt*, 2019 Tex. App. LEXIS 3180, at *13.

Abiding by controlling precedent of the Austin Court of Appeals in disposing of this cause transferred from that court, we overrule the sole issue and affirm the judgment of the trial court.

Per Curiam

---

[1] Appellee filed a letter with this Court that contained the following: "The amount in controversy in this appeal is an award of attorney's fees of $6,597.09.  The amount in controversy does not justify the time and expense of reviewing the record and preparing an Appellee's Brief.  As a result, Appellee Stacy Thomas does not plan to file an Appellee's Brief unless requested by the Court.  However, I do not believe that the Trial Court abused its discretion when it awarded Stacy Thomas $6,597.09 in attorney's fees."

[2] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.